

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ENTERED
07/13/2012

| | | |
|---|---|---|
| IN RE: § | | |
| USA DRY VAN LOGISTICS, L.L.C., ET AL § | CASE NO: 10-20102 | |
| Debtor(s) § | | |
| § | CHAPTER 11 | |
| § | | |
| TOWER NATIONAL INSURANCE § | | |
| COMPANY (FORMERLY SUA INSURANCE § | | |
| COMPANY) § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 11-2016 | |
| § | | |
| USA DRY VAN LOGISTICS LLC § | | |
| Defendant(s) § | | |

### MEMORANDUM OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT (DOCKET NO. 12)

On this day came on for consideration the Motion for Summary Judgment filed by the Plaintiff, Tower Insurance Company ("Tower"). The Court, having heard the arguments of counsel, and having reviewed the pleadings and briefs on file herein, and the summary judgment evidence, finds that there are no genuine issues of material fact and summary judgment should be granted in favor of Plaintiffs.

### UNCONTROVERTED FACTS

Defendant USA Dry Van Logistics, LLC (the "Debtor"), filed a chapter 11 bankruptcy petition in this court. The main bankruptcy case was closed and a final decree issued on December 28, 2011. However, this Adversary Proceeding was ordered to remain open. Defendant Theresa De La Cruz ("De La Cruz") asserted a claim against Debtor in State Court for personal injury. In this Adversary Proceeding Tower, the Debtor's insurer under a commercial auto policy, seeks a declaratory judgment that it has no duty to defend or indemnify the Debtor

against De La Cruz's claims.

Tower issued a Commercial Auto policy to Debtor for the period June 1, 2009 through June 1, 2010. On July 24, 2009, De La Cruz was a passenger in a truck being operated by her brother, Rogelio De La Cruz, Jr. ("Rogelio"), when the truck was involved in an accident. Rogelio and De La Cruz were driving the truck as a team and at the time of the accident, De La Cruz was asleep in the sleeping berth. De La Cruz alleges that Rogelio's negligence caused the accident which resulted in injuries to her.

De La Cruz's petition filed in State Court is silent as to whether De La Cruz was either the sister of Rogelio or an employee of the Debtor. The petition is also silent as to whether she was in the course and scope of her employment at the time of the accident. However, De La Cruz admitted in her answer to this Adversary Proceeding that Rogelio was her brother, that she and her brother were a "drive team", and that she was a team driver sleeping when the vehicle crashed. Moreover, the emergency medical records indicate that De La Cruz and Rogelio are brother and sister and that De La Cruz was asleep in the sleeping berth of the tractor trailer when the accident occurred. No controverting evidence was presented by De La Cruz.

The insurance policy in question excludes coverage for the following reasons:

1. Any obligation for which the insured or the insured's insurer may be held liable under any worker's compensation disability benefits or unemployment compensation law or any similar law.
2. Bodily injury to an employee of the insured arising out of and in the course of employment by the insured or performing duties related to the conduct of the insured.
3. Bodily injury to the spouse, child, parent, brother or sister of that employee as a consequence of what is described above in subsection 2.
4. Bodily injury to any fellow employee of the insured arising out of a course of the fellow employee's employment or while performing duties the in the conduct of your business.

## DISCUSSION

Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), F.R.C.P.; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Melton v. Teachers Ins. & Annuity Ass'n of America*, 114 F.3d 557, 559 (5th Cir. 1997). To support a motion for summary judgment, the moving party has the burden of establishing the absence of a material fact. Moreover, all facts in controversy will be construed in a light most favorable to the non-moving party. *Id.* A dispute as to a material fact is "genuine" under Rule 56(c) only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Summary judgment is also appropriate when the only issues to be decided in the case are issues of law, or when the non-moving party's claims are legally deficient. *Neff v. American Dairy Queen Corp.*, 58 F.3d 1063, 1065 (5th Cir. 1995), *cert.denied*, 516 U.S. 1045 (1996); *Hang On, Inc., v. City of Arlington*, 65 F.3d 1248, 1257 (5th Cir. 1995).

Here, the uncontroverted facts demonstrate that De La Cruz and Rogelio are sister and brother and that they were working as a drive team for the Debtor at the time of the accident. Whether or not De La Cruz was in the course of her employment at the time of the accident is a mixed question of law and fact because she was asleep in the sleeping berth. The Court need not reach that issue in order to grant summary judgment in this case because the uncontroverted facts invoke other policy exclusions.

Moreover, the mere fact that De La Cruz did not allege facts regarding her relationship with Rogelio or facts regarding her status as part of a drive team for Debtor in her personal injury action does not invoke the eight-corners rule. Such facts are extrinsic and go only to the coverage issue, not the merits of the underlying injury claim. *See, Northfield Ins. Co. v. Loving Home*

*Care, Inc.*, 363 F.3d 523, 531 (5th Cir. 2004). The Court is not prohibited by the eight-corners rule from considering summary judgment evidence as to pure coverage questions. *See, International Services Insurance Co. v. Boll*, 392 S.W.2d 158, 160 (Tex.Civ.App.—Houston 1965, writ ref'd n.r.e.); *Guideone Elite Ins. Co. v. Fielder Road Baptist Church.* 197 S.W.3d 305, 309 (Tex. 2006). The court therefore finds that Tower owes no duty to defend or indemnify claims made by De La Cruz against the Debtor.

## CONCLUSION

For the reasons stated above, the Court finds that there are no genuine issues of material fact and Plaintiff, Tower Insurance Company is entitled to judgment as a matter of law on the issue of duty to defend or indemnify the Debtor on the claims made by Teresa De La Cruz.

**IT IS SO ORDERED.**

SIGNED 07/13/2012.

_____
Richard S. Schmidt
United States Bankruptcy Judge